UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:13-cr-21-ART-EBA-5

UNITED STATES,                                                                        PLAINTIFF,

v.                         **MAGISTRATE JUDGE'S REPORT**
                               **AND RECOMMENDATION**

TIFFANY CAUDILL,                                                  DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter came before the Court for a final revocation hearing on February 11, 2016, based upon alleged violations of Defendant's terms of supervision as set forth in the January 14, 2016 violation report. At the hearing, Caudill was present and represented by appointed counsel, Lauren Thompson, and the United States was represented through Assistant U.S. Attorney Gary Todd Bradbury. During the hearing, Caudill testified and admitted to three violations outlined in the report, waived her right of allocution before a U.S. District Judge, and exercised her right of allocution before the undersigned. While the defense requested that Defendant be permitted to continue her term of supervision, the Government recommended that the Court impose a term of incarceration of at least four (4) months, with continued supervision to follow. For the reasons set forth below, the undersigned finds Caudill guilty of the violations outlined in the report, and recommends that the Court impose a sentence of four (4) months incarceration, with a term of supervised release to follow.

1

FINDINGS OF FACT

Caudill stated that all facts contained within the January 14, 2016 violation report were true. Specifically, Caudill admitted that, as alleged, she voluntarily walked out of Cumberland Hope Community Treatment Center (CHC) on December 28, 2015, failed to complete the Court-mandated inpatient substance abuse treatment program at CHC, and thereby violated a condition of supervision. Caudill also admitted that she left Cumberland Hope without giving prior notification to probation, thereby violating another condition. Third and finally, Caudill admitted that, although she reported to probation that she could not remain at Cumberland Hope due to her medical issues and the CHC's lack of proper medication, her probation officer verified with CHC that Caudill had been transported to all medical and outpatient mental health counseling appointments as scheduled. Furthermore, despite her probation officer's asking Caudill to return to Cumberland Hope to continue her treatments, Defendant refused to go back. By failing to truthfully answer all inquiries and follow her probation officer's instructions, Caudill committed a third violation. As a result of her admitted conduct, the Court finds by a preponderance of the evidence that Caudill has violated the following conditions of supervised release:

FROM THE VIOLATION REPORT OF JANUARY 14, 2016:

(1) Violation No. 1: Special Condition #12: Defendant failed to complete a six (6) month inpatient substance abuse program at the Hope Center in Cumberland, Kentucky (Grade C Violation);

(2) Violation No. 2: Standard Supervision Condition: Defendant left Cumberland Hope Treatment Center on December 28, 2015, without notifying the probation office beforehand

(Grade C Violation);

(3) Violation No. 3: Standard Supervision Condition: After her probation officer instructed Defendant to return to Cumberland Hope upon learning she had left, Defendant refused to comply, and did not return to the treatment facility as directed (Grade C Violation).

## ANALYSIS

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

**(I) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.** On September 9, 2014, Tiffany Caudill was sentenced to time served, followed by a ten (10) year term of supervised release, following a plea of guilty to Conspiracy to Distribute Heroin in violation of Title 21 U.S.C. § 846, a Class C felony. On September 9, 2014, Defendant began her term of supervision through the Pikeville, Kentucky Probation Office, which is currently scheduled to expire on September 23, 2024.

However, on July 24, 2015, Caudill's term of supervised release was revoked due to noncompliance involving a DUI conviction, and she was sentenced to ninety (90) days imprisonment followed by a ten (10) year term of supervised release. Defendant began the re-imposed term of supervision through the Pikeville Probation Office on September 14, 2015. Days later, Defendant enrolled in inpatient substance abuse treatment at Cumberland Hope in Evarts, Kentucky on September 18, 2015, pursuant to a special condition of her supervised release. Her probation officer was initially advised by CHC on October 26, 2015 that Caudill was adjusting positively to treatment and was complying with all facility treatment policies and procedures, including their drug testing requirement.

However, on December 28, 2015, the probation office received report that Defendant had "walked out of" their facility during a group counseling session; having completed 101 days of inpatient treatment and only three of the treatment program's twelve steps, Defendant failed to complete the program by leaving CHC prematurely. On December 29, 2015, Defendant informed her probation officer that she left Cumberland Hope voluntarily, explaining the facility did not meet her treatment needs, and other residents were unfairly accusing her of not equally participating during treatment sessions. Defendant also stated she left due to the CHC's lack of adequate medication to treat her medical issues, despite the probation officer's having verified with CHC just one day earlier that Caudill had been successfully transported to all her outpatient and mental health appointments. During the call, the officer instructed Caudill to return to Cumberland Hope, but Defendant did not return to the facility as directed.

Defendant's noncompliance is not only a recurring trend, as she has resisted complying with Court orders and instruction from probation more than once, but during the hearing she acknowledged having a history of impulse control, self-sabotage, and borderline personality disorder which exacerbate her disobedient tendencies. Moreover, her medical reports, entered as exhibits at the final hearing, indicate certain discrepancies between the treatment and medications Defendant actually received versus the alleged substandard care and absence of proper medication she had described to probation; despite insisting that she left CHC because she feared for her life and physical welfare, her medical reports indicate that she received adequate attention to her rib and torso area, and unable to find a chronic defect or fracture after taking X-rays, doctors diagnosed her as having an ovarian cyst and suffering from acute abdominal pain, and prescribed her discharge medications on December 31, 2015. [Ex. 3]. Subsequent blood

4

and fluid samples were taken, Defendant was diagnosed with bronchitis in addition to acute abdominal and lower back pain, and numerous additional chest, rib, lumbar spine, and thoracic spine X-rays were taken. [Ex. 4]. Despite Defendant's contentions that her physical pain was not properly addressed, her medical records indicate otherwise. This truth suggests the possibility that Defendant did not opt to leave treatment for health reasons exclusively, but perhaps for personal reasons as well. Further, the facts were disputed at the hearing as to whether Defendant had been prescribed or received Hydrocodone and Diazepam from a treating doctor, or as the Government suggested during cross-exam, whether she had acquired them through her own independent means at a later date. In short, her medical history and serious substance abuse problem, paired with her self-destructive tendencies and impulse control issues, lead the Court to conclude Defendant's history and character and her recent violations warrant a term of imprisonment.

**(II) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.** Defendant has a criminal history category of I, and her most serious violation constitutes a Grade C Violation. In making a recommendation in this matter, the Court is mindful that, on the one hand, Defendant placed herself before the Court's mercy at the final hearing, and offered what the undersigned believed to be a sincere apology and authentic desire to rectify her previous poor decisions. Yet on the other hand, Defendant's numerous willful supervision violations, occurring within a span of just a few months in 2015, and her brazen refusal to follow her probation officer's directions, is unacceptable.

If Caudill truly wishes to stay out of prison, maintain her physical health, and continue the substance abuse and mental health treatments which Caudill acknowledges have helped her, she must prioritize her conditions of release above her emotions and other competing influences. At the final hearing, Defendant briefly expressed her desire to continue her own brand of outpatient self-treatment, rather than submit to treatment facilities like Cumberland Hope, but the Court will not indulge this desire. Considering all of the above information, the Court believes that the Government's recommendation that Defendant be sentenced to a term of at least four (4) months incarceration represents a fair, justiciable outcome in response to her stipulated violations of supervision. The recommended sentence is severe enough to deter Defendant's future supervision violations, given that she has violated terms of supervision on more than one occasion, and reinforce the and importance and need to comply with the Court's mandates and her probation officer's instructions.

For the above reasons, it is RECOMMENDED that the Defendant's supervision be revoked and the Court impose a sentence of four (4) months incarceration. Following this term of imprisonment, the undersigned further RECOMMENDS Defendant continue her current term of supervision, scheduled to expire on September 23, 2024.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may

file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed February 19, 2016.

Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge